# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

DOMINIQUE WATSON,

        Petitioner,

    v.                                    Case No. 09-CV-1172

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On November 6, 2007, the petitioner, Dominique Watson ("Watson"), was charged with one count of committing armed bank robbery in violation of 18 U.S.C. § 2113(a) and with one count of using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c). Watson, after accepting a plea agreement negotiated between his attorney and the government, plead guilty to the charge of armed robbery. On May 12, 2008, this court sentenced Watson to 135 months of imprisonment. Eight days later, Watson appealed his conviction to the Seventh Circuit Court of Appeals. Subsequently, Watson's trial counsel withdrew from the case, and the Seventh Circuit appointed a new attorney to represent the petitioner in his appeal. On August 26, 2009, Watson's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) advising the Court of Appeals that the petitioner's appeal was "wholly frivolous," requesting permission to withdraw from the case. To date, the Court of Appeals has not ruled on the *Anders* motion and the petitioner's appeal remains pending.

On December 21, 2009, the petitioner filed a motion in this court for postconviction relief under 28 U.S.C. § 2255. Watson argues in support of his § 2255 motion that he received ineffective assistance of defense counsel in violation of the Sixth Amendment to the United States Constitution when his former attorney "tricked" and "deceived" him into accepting the terms of the plea agreement.

"The well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending" as the "disposition of the appeal may render the § 2255 motion moot." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) (internal citations omitted). Here, Watson has not alleged any extraordinary circumstances that require consideration of his § 2255 motion during the pendency of his direct appeal. The court, therefore, is obliged to dismiss as premature Watson's motion for postconviction relief, along with the petitioner's corresponding motions for leave to proceed *in forma pauperis* (Docket #2) and for appointment of counsel (Docket #3). As the court does not reach the merits of Watson's claims, this order is not a decision on the legality of his detention for the purposes of 28 U.S.C. 2244(a). As such, the defendant may file a new § 2255 motion without it being a "second or successive" motion barred by 28 U.S.C. §§ 2244(b) and 2255(h). *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998).

Accordingly,

**IT IS ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence (Docket #1) be and the same is hereby **DENIED** without prejudice as premature;

**IT IS FURTHER ORDERED** that the petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** without prejudice as premature;

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint counsel be and the same is hereby **DENIED** without prejudice as premature.

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge